UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| MICHAEL ST. PIERRE, | ) |
| | ) |
|     Petitioner, | ) |
| | ) |
| v. | ) Civil No. 09-252-B-W |
| | ) |
| WARDEN, MAINE STATE PRISON, | ) |
| | ) |
|     Respondent | ) |

**RECOMMENDED DECISION ON 28 U.S.C. § 2254 PETITION**

Michael St. Pierre has filed a 28 U.S.C. § 2254 petition attacking his 1990 murder conviction.[1] St. Pierre represents that he was initially sentenced to life imprisonment but he indicates that his sentence was reduced to 45 years. I recommend that the petition be summarily dismissed pursuant to Rule Governing Section 2254 Proceedings 4 because on the face of the petition and the exhibits submitted by St. Pierre his petition is untimely under 28 U.S.C. § 2244(d).

That provision reads:

**(d)(1)** A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
    **(A)** the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
    **(B)** the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
    **(C)** the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

---

[1] This is St. Pierre's second 28 U.S.C. § 2254 petition. (See Civ. No. 94-210-P-H.)  He filed his first on July 25, 1994.  The docket shows that, after he was appointed counsel, the petition was withdrawn on December 16, 1994.  There was no order to answer or any adjudication of the merits. In the current § 2254 petition St. Pierre indicates that he withdrew his 1994 petition because his state remedies had not been "resolved."

> **(D)** the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d).

With regards to § 2244(d)(1)(A), the Maine Law Court affirmed St. Pierre's conviction on direct appeal on December 19, 1990. See State v. St. Pierre, 584 A.2d 618 (Me. 1990). The order that St. Pierre attaches denying his most recent state post-conviction review petition indicates that he filed a petition for post-conviction review on January 19, 1995, which was denied on January 13, 1998.  The Maine Law Court denied an appeal of that determination on March 27, 1998. There is no question but that his § 2244(d)(1)(A) year ran before St. Pierre took any step to seek further review of his sentence.

St. Pierre has submitted the order from the Maine Superior Court summarily dismissing his second state petition for post-conviction review which he filed on June 27, 2006.  That petition relied on Maine v. Schofield, 2005 ME 82, 895 A.2d 927.  Schofield addressed the implications of the United States Supreme Court's Apprendi v. New Jersey, 530 U.S. 466 (2000), Blakely v. Washington, 542 U.S. 296, 303 (2004), and United States v. Booker, 543 U.S. 220 (2005) line of cases on a sentence that exceeded twenty years for a 17-A M.R.S. § 203 manslaughter conviction.

In its order summarily dismissing St. Pierre's 2007 petition, the Superior Court concluded that St. Pierre's petition for post-conviction review was untimely.  (See Doc. No. 1- 4 at 2.)   It observed that the state post-conviction statute of limitation ran on December 17, 1991.  It also noted that under the statute of limitations for state post-conviction petitions St. Pierre could not rely on 15 M.R.S. § 2128(5)(B).  Subsection B permits the filing of post-conviction petitions one year from the "date on which the constitutional right, state or federal, asserted was initially

recognized by the Law Court or the Supreme Court of the United States, if the right has been newly recognized by that highest court and made retroactively applicable to cases on collateral review." (See Doc. 1-4 at 2-3 .) The Superior Court justice concluded that Schofield did not create a new constitutional right and did not apply retroactively, (id. at 4) anticipating the holding of Carmichael v. State, 2007 ME 86, 42, 927 A.2d 1172, 1181-182. The Maine Law Court denied a certificate of probable cause. (Doc. No. 1-3.) The Law Court had stayed St. Pierre's proceeding pending the final disposition by the United States Supreme Court of a petition for writ in Libby v. Maine, 2007 ME 80, 926 A.2d 724, cert. denied, 128 S.Ct. 1121 ( Jan 22, 2008). In that case the Maine Law Court summarized:

> Libby argues that the trial court failed to apply the holdings of Apprendi and Schofield, which recognize the existence of a Sixth Amendment right to have a jury determine, beyond a reasonable doubt, any fact that increases the penalty for a crime beyond the prescribed statutory maximum. We conclude that the holdings of Apprendi and Schofield do not apply to the current murder sentencing statutes and therefore affirm the judgment of the trial court dismissing his petition.

2007 ME 80, ¶ 1, 926 A.2d at 724 -25 (footnote omitted). See also Higgins v. Maine, Civil No. 07-06-B-W, 2008 WL 5191736, 6 (D.Me. Dec. 9, 2008) (recommended decision), aff'd, 2008 WL 5412299 (D.Me. Dec 24, 2008). With Libby resolved, the Maine Law Court thus endorsed the Superior Court's determination that St Pierre's petition was untimely.

With respect to the timeliness of his 28 U.S.C. § 2254 petition, St Pierre represents that he was unaware that he had a Sixth Amendment right to have a jury and not a judge decide the facts which enhanced his sentence. In his motion in support of his petition St. Pierre indicates that Schofield alerted him to his right. Apropos the timeliness of this federal § 2254 petition under the federal § 2244(d)(1)(C) limitation period, even if the Maine Law Court had concluded that Schofield was retroactive to state post-conviction proceedings, it would not translate to

retroactivity for purposes of St. Pierre's federal petition. Only the United States Supreme Court precedent is operative in that provision and only the United States Supreme Court can make a case retroactive to federal habeas petitions. See Tyler v. Cain, 533 U.S. 656 (2001). Even if St. Pierre had relied directly on Apprendi, Blakely, and Booker in arguing the timeliness of his 28 U.S.C. § 2254 petition, these cases have not been made retroactive to cases on collateral review by the United States Supreme Court. See Goodale v. Maine, Civ. No. 09-130-B-W, 2009 WL 949087 (D. Me. Apr. 6, 2009) (recommended decision), adopted, 2009 WL 1032852 (D. Me. Apr. 6, 2009); Craney v. Maine, Civ. No. 09-123-B-W, 2009 WL 949083 (D. Me. Apr. 2, 2009) (recommended decision), adopted, see Doc. No. 8; Coombs v. Maine, Civ. No. 09-120-B-W, 2009 WL 949086, 2 (D. Me. Mar. 31, 2009) (recommended decision), adopted, see Doc. No. 8; Newbury v. Maine, Civil No. 08-299-B-W, 2008 WL 4330304, 1 -2 & n.2 (D.Me. Sept. 17, 2008) (recommended decision), adopted, 2008 WL 4530907 (D. Me. Oct. 6, 2008).

*Conclusion*

For the reasons outlined above I recommend that the Court summarily deny this 28 U.S.C. § 2254 petition pursuant to Rule Governing Section 2254 Proceedings 4 because it is untimely. I further recommend that a certificate of appealability should not issue in the event St. Pierre files a notice of appeal because there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. § 2253(c)(2).

**NOTICE**

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within ten (10) days of being served with a copy thereof. A responsive memorandum shall be filed within ten (10) days after the filing of the objection.

       Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

June 18, 2009                         /s/ Margaret J. Kravchuk
                                       U.S. Magistrate Judge